UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLOR CARD STUDIOS, LLC,<br><br>       Plaintiff,<br><br> against<br><br>TASL BRAND HOLDINGS, LLC; BLUESTAR ALLIANCE, LLC; AMAZON.COM, INC.; WALMART INC.; AR & EM RETAIL GROUP CORP dba RENNDE; UPWARD PARTNERS LLC dba STEALS.COM; MACY'S, INC. and HOMIER LLC dba BOBBI + BRICKA,<br><br>       Defendants. | Civil Action No. 1:23-CV-06627<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

  **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. Definitions

    a. "Confidential":  documents or information (regardless of how it is generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c).

    b. "Designating Party":  a party or non-party that designates documents or information that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

    c. "Highly Confidential – Attorneys' Eyes Only":  documents or information containing: (a) trade secrets as defined by any applicable law; (b) highly sensitive, non-public financial information that, if it is disclosed, would likely cause significant financial harm; (c) confidential research and development information that, if it is disclosed, would likely cause significant competitive harm; or (d) highly sensitive personally identifiable

information, the unauthorized disclosure of which would create a substantial risk of identity theft or other significant privacy violation. The Producing Party shall bear the burden of demonstrating that a document or information falls within one of these categories..

d. "Producing Party":  a party or non-party that produces material in this action.

e. "Protected Material":  documents or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

f. "Receiving Party":  a party that receives material from a Producing Party.

2. Counsel for any party may designate any document or information, in whole or in part, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information, including, but not limited to, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. Protected Material will be held and used by the party receiving such information solely for use in connection with the action.  Parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Information disclosed at any deposition of a party taken in this action may be designated by the party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by indicating on the record at the deposition that the information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as Confidential.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 15-business-day period, the entire transcript shall receive "Highly Confidential – Attorneys' Eyes Only" treatment.

4. Notwithstanding the foregoing, Protected Material shall not be disclosed by the Receiving Party to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation, except for in-house counsel who (1) have no involvement in competitive decision-making and (2) to whom

disclosure is reasonably necessary for this litigation.  If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Protected Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Designating Party.

      5.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Material.

      6.      Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall not be disclosed by the Receiving Party to any person or entity other than:

    a.    The Court (including any mediator, or other persons having access to any Protected Material by virtue of his or her position with the Court);

    b.    In-house counsel (1) who has no involvement in competitive decision-marking and (2) to whom disclosure is reasonably necessary for this litigation;

    c.    Outside counsel of record for each party, as well as personnel of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

    d.    Consulting or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, who have followed and been disclosed by the procedures in paragraph 9 of this Order;

    e.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

      7.      Material and information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party;

    b.    In-house counsel (1) who has no involvement in competitive decision-marking and (2) to whom disclosure is reasonably necessary for this litigation;

    c.    Outside counsel of record for each party, as well as personnel and professional vendors of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

    d.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, who have followed and been disclosed by the procedures in paragraph 9 of this Order;

    e.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    f.    The Court (including the mediator, or other person having access to any Protected Material by virtue of his or her position with the Court).

8.    Prior to disclosing or displaying the Protected Material to any member of the requesting party, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

9.    Fourteen days prior to disclosing or displaying Protected Material to any consultants or experts, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A; and

    d.    Disclose the consultant or expert to the other parties in this action and (1) provide the full name of the expert or consultant, (2) attach a copy of the expert or consultant's current resume, (3) identify any litigation in connection with which the expert or outside consultant has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (4) attach a signed copy of Exhibit A.

10.    Any party may timely object to the disclosure of any consultant or expert

within fourteen days of the disclosure.  The objecting party shall meet and confer with the disclosing party to attempt to resolve the objection within 7 days of the objection.  If no agreement is reached, the party seeking to make the disclosure to designation expert or consultant may file a letter-motion as provided in Local Rule 7.1(e) seeking permission from the court to do so.

       11.      The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."   The producing party shall notify all affected parties in writing of any inadvertent production or disclosure.   After receiving notice of the inadvertent production or disclosure, the Receiving Party must return or destroy all copies of the information without the proper designation and any copies they have within ten (10) days. If so designated, the document or information shall thenceforth be treated as Protected Material subject to all the terms of this Stipulation and Order.

       12.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. In the event the party who received PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

       13.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request either the return or the destruction of the produced material.  Immediately after receiving such notification, the Receiving Party shall return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product within ten (10) days of receipt of the Producing Party's notice.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.  This Protective Order shall not prevent any party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and

sequester the material until the producing party has had a reasonable opportunity to respond.

14. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

15. Notwithstanding the designation of information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal for any information that is designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only" in discovery.

16. At the conclusion of litigation, all documents, items or data received including, but not limited to, Protected Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the parties from disclosing material designated to be Protected Material if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANTS: |
|---|---|
| /s/ Lacy Herman Koonce, III | /s/ Allan Edward Anderson |
| Lacy Herman Koonce, III<br>Klaris Law, PLLC<br>161 Water Street, Suite 904<br>New York, NY 10038<br>917-612-5861<br>lance.koonce@klarislaw.com | Allan Edward Anderson<br>ArentFox Schiff<br>555 S. Flower Street,<br>Ste 43rd Floor<br>Los Angeles, CA 90071<br>213-629-7400<br>allan.anderson@arentfox.com |
| *Attorneys for Plaintiff Color Card Studios, LLC* | *Attorneys for Defendant Walmart, Inc.* |
| | /s/ Richard Scott Mandaro |
| | Richard Scott Mandaro<br>Amster Rothstein & Ebenstein LLP<br>405 Lexington Avenue, 48th Floor<br>New York, NY 10174<br>212-336-8106 |

rmandaro@arelaw.com
*Attorneys for Defendants Macy's, Inc., Homier LLC and Upward Partners LLC*

/s/ Bruce Roy Millar Ewing

Bruce Roy Millar Ewing
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9200
ewing.bruce@dorsey.com
*Attorneys for Defendants TASL Brand Holdings, LLC and Bluestar Alliance, LLC*

/s/ Joseph C. Gratz

Joseph C. Gratz
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7000
JGratz@mofo.com
*Attorneys for Defendant Amazon.com, Inc.*

SO ORDERED.

Dated: New York, New York
June 17, 2025

VALERIE FIGUEREDO
United States Magistrate Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLOR CARD STUDIOS, LLC,<br><br>              Plaintiff,<br><br>      against<br><br>TASL BRAND HOLDINGS, LLC; BLUESTAR ALLIANCE, LLC; AMAZON.COM, INC.; WALMART INC.; AR & EM RETAIL GROUP CORP dba RENNDE; UPWARD PARTNERS LLC dba STEALS.COM; MACY'S, INC. and HOMIER LLC dba BOBBI + BRICKA,<br><br>              Defendants. | Civil Action No. 1:23-CV-06627<br><br>**AGREEMENT** |

My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I am aware that a Confidentiality Order has been entered in the above-captioned lawsuit.  A copy of this Confidentiality Order has been given to me, and I have read and understand the provisions of same.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree to abide by such Order, including to not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.  Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Protected Material in my possession.

I understand that any use of such Protected Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

DATED:

_____
  Signed in the presence of:

_____
  (Attorney)